THIS was an action of assumpsit by George H. Hollis against Isaac W. Vandergrift severally upon two promissory notes for one thousand dollars each, made the same day, January 1st, 1877, one payable in twelve and the other in fourteen months, by John A. Vandergrift, Iaasc W. Vandergrift, and Leonard G. Vandergrift, to the plaintiff, and was heard for the first time at the last May term of the court, but the jury, being unable to agree upon a verdict, were discharged, and it now came up for another hearing before the court and jury at this term. Ante, p. 521.
Lore, for the defendant, after the notes, without any proof of their making or signing by the defendant or any other maker above named, had been put in evidence by the counsel for the plaintiff, called to the witness stand the subscribing witness to them to prove that they had been materially altered in certain parts of them so as to vitiate-and avoid them since they had been signed by the defendant and the other makers of them.
Higgins, for the plaintiff, objected to the admissibility of the proposed evidence. Upon filing the declaration on the notes the plaintiff had, in conformity with the provisions of the statute and the rules of the court on the subject, filed duly certified copies of the notes with it in the office of the prothonotary, but the defendant had not, in compliance with the same, filed any affidavit therein denying his signature to the notes or the obligation of them on any ground whatever, and without such an affidavit so filed and so denying his signature to them, *Page 598 
or the obligation of them, he was now absolutely estopped both in law and fact from denying either, and the necessary effect and conclusion of it was that they thereby stood admitted by him on the record itself, which he could not be allowed to contradict.
Lore: There had been no change in or tampering with any of the signatures to the notes, and he could not pretend to deny the genuineness of them, for in that respect they were precisely the same as they were when they were signed by the makers and when they left the hands of the defendant. How, then, could he possibly make such an affidavit? Such a construction of the rules and the statute as was contended for on the other side would require such a denial against any and every good defense against a promissory note, even to that of payment.
Moore, for the plaintiff: The statute and the rules referred to which were equally obligatory with it, meant more than a denial of the signature simply of the defendant, for they mean and intend nothing less than the denial of the execution by the defendant of the identical promissory notes which by true and sworn copies had been duly filed in the office of the prothonotary with the declaration in the action. If they had since the making and signing of them been changed or altered in any material respect whatever without the knowledge and consent of the defendant, they are not only not the promissory notes which he signed and made, but they were absolutely null and void by reason of it, and have no binding obligation upon him. The learned counsel had early stated to the court that he observed and became well aware of the fact as soon as he saw the copies of them on file in the prothonotary's office that the notes had been altered by having the words "or order" inserted in them next after the name of the payee in them, but his sole defense, it now seemed, was on a ground which was perfectly apparent to him from the time he first saw the filed copies of them.
Lore then suggested that the rules of the court, six and seven, which were not referred to on the former trial, were much *Page 599 
broader in their terms and meaning than the provision of the statute on the same subject, and denied the validity of them on that ground, and the power and authority of the court to amend or add to the express legislation of the State even on the subject of its own rules, particularly in a matter which so seriously affected the trial of causes and the legal rights of parties before it.
The Court sustained the objection and ruled out the proposed testimony, holding that there was no material difference between the meaning of the rules and of the statute on the subject, and remarked that they had not been satisfied, upon further reflection, with their ruling on the question at the last term.
Lore then moved for leave to amend by filing such an affidavit of denial at the present stage of the trial which the defendant was prepared to do.
But the Court, after full argument on both sides, declined to grant leave to amend.
The case afterward proceeded to a trial before the jury, and the plaintiff had a verdict for one thousand six hundred and nine dollars and fifteen cents.